UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE WILLIAMS and RYLAND HAMLET,

  Plaintiffs,

               CASE NO. 06-cv-13603
v.              Hon. Lawrence P. Zatkoff

ACS CONSULTANT COMPANY, INC., f/k/a
SUPERIOR CONSULTANT COMPANY, INC.,
a Michigan corporation and DOES 1-10 INCLUSIVE,

  Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on September 26, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant ACS Consultant Company's (hereinafter, "Defendant")[1] Motion to Dismiss the Complaint of Plaintiff Ryland Hamlet As a Sanction for His Egregious, Intentional and Bad Faith Spoliation of Evidence (Docket #10). Plaintiff Ryland Hamlet ("Hamlet") has filed a response to the Motion to Dismiss, and Defendant has filed a reply. The Court finds that the facts and legal arguments pertinent to the Motion are adequately presented in the parties' papers, and the decisional process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that the Motion be

---

1 None of the "Doe" defendants in this action have been identified or served.

1

resolved on the briefs submitted, without this Court entertaining oral arguments. For the reasons that follow, Defendant's Motion to Dismiss is DENIED WITHOUT PREJUDICE.

## II. BACKGROUND

Plaintiffs Willie Williams ("Williams") and Hamlet, both African-Americans, were terminated by Defendant on March 8, 2006. In the instant case, Plaintiffs filed a Complaint for damages, alleging racial discrimination, retaliation, hostile work environment and wrongful termination, all in violation of 42 U.S.C. §§1981 and 2000 (the "Discrimination Action").

Defendant contends that it had a legitimate business reason for terminating the employment of Williams and Hamlet. Specifically, after a thorough investigation as a follow up to reports of irregularities in the recruiting activities at the site where Plaintiffs worked, Defendant concluded that Williams and Hamlet breached their employment agreements by surreptitiously competing with Defendant in recruiting for one of Defendant's premier clients. In a previously filed companion case, Case No. 06-11301 (the "Non-Compete Action"), Defendant sought and received a preliminary injunction against Plaintiffs, barring them from continuing to misappropriate Defendant's proprietary and trade secret information. In addition, Defendant obtained a Clerk's Entry of Default against Plaintiffs, which this Court upheld after Plaintiffs sought to set it aside.

Among other circumstances involved in the Non-Compete Action was that Hamlet fled the Defendant's premises on March 8, 2006, when he learned that Defendant's representatives had met with and terminated Williams and Raul Mestril. When Hamlet fled Defendant's premises, he took with him a laptop issued to him by Defendant. Despite a letter from Defendant demanding the return of the laptop without any files deleted or programs corrupted, Hamlet did not return the laptop. Subsequently, this Court issued a Temporary Restraining

2

Order and a Preliminary Injunction against Plaintiffs. In each Order, the Court required Hamlet to return all property to Defendant, including the laptop, and to "preserve all evidence . . . which in any way relates to the claims made in this case [the Non-Compete Action]." Still, Hamlet did not return the laptop. Even after Plaintiffs filed this Discrimination Action on August 11, 2006, Hamlet did not return his laptop until October 19, 2006. Accordingly to forensic analysis of the laptop by Defendant's representative once the laptop was returned, over 50,000 files were deleted from the hard drive, approximately 1,000 resumes were deleted, file-deletion and free-space wiping products were used on the laptop and significant accessing of Defendant's proprietary files occurred after Hamlet's termination.

In this Discrimination Action, Defendant filed the instant Motion to Dismiss asking the Court to dismiss Hamlet's Complaint against Defendant, with prejudice, as a sanction for Hamlet's egregious and intentional acts of violating the Court's Orders in the Non-Compete Action and destruction of the evidence on the laptop. Defendant also requests that the Court order Hamlet to pay the amount it cost Defendant to hire someone to conduct the forensic examination of the laptop.

### III. ANALYSIS

Hamlet repeatedly and intentionally failed to comply with Orders issued by this Court in the Non-Compete Action by, among other things, (1) failing to return the laptop to Defendant for approximately seven months after the Court first ordered him to do so, and (2) destroying files and other information. The issue before the Court is whether such actions constitute such bad faith conduct and bear on the issues in this Discrimination Action such that the Court should dismiss this related, but separate, case because of that conduct.

Defendant contends that the data on the laptop destroyed by Hamlet was evidence that is essential to its defenses in this action. In particular, Defendant asserts that its primary defense will be that it discharged Hamlet for a legitimate business reason (*i.e.,* Hamlet's breach of his employment agreement, his stealing of Defendant's proprietary and trade secret data and his use of the laptop for pornography in violation of Defendant's policy). Defendant argues that the laptop wiped clean by Hamlet is the center point of Defendant's physical and forensic evidence in support of its defense and that, without it, Defendant has been prejudiced irreparably.

Hamlet focuses primarily on the fact that the conduct complained of was solely in relation to the Non-Compete Action and has nothing to do with the race discrimination allegations that form the basis of this Discrimination Action. Hamlet argues that (1) he has done nothing to violate any order in this Discrimination Action, (2) there is no order to preserve evidence in this Discrimination Action, (3) Defendant has not demonstrated how the evidence it seeks is relevant to the defenses it proposes, and (4) Defendant has not demonstrated what was on the laptop when he was given it or when he returned it.

For purposes of this Opinion only (and not any subsequent opinions the Court may render in this Discrimination Action or the Non-Compete Action), the Court shall assume that Hamlet has intentionally altered and destroyed relevant evidence, thereby depriving Defendant of the opportunity to examine it; as such, the Court assumes that a showing of spoliation has been made. *See United States v. Copeland*, 321 F.3d 582, 597 (6th Cir. 2003). The burden then shifts to Hamlet, as the possessor of the evidence, to prove that Defendant was not prejudiced by the alteration or destruction. *See Nationwide Mut. Fire Ins. Co. v. Ford Motor Co.*, 174 F.3d 801, 804 (6th Cir. 1999). The test for prejudice is whether Defendant's access to the altered or destroyed evidence, which is not otherwise obtainable, would produce evidence favoring Defendant. *Id.*

Based on the facts and circumstances surrounding this Discrimination Action (including, without limitation, the Non-Compete Action and the Court's Opinions and Orders rendered thereto), the Court is not convinced at this stage of the proceedings (discovery will not close until December 15, 2007) that dismissal of Hamlet's Complaint is an appropriate sanction in this Discrimination Action. More specifically, it is not clear at this juncture that Defendant will not be able to obtain much of the evidence it seeks. For example, in its reply brief, Defendant states that it "can produce testimony and some electronically stored information (emails) in support of its affirmative defense, ..." Accordingly, the Court declines Defendant's invitation to assess sanctions against Hamlet at this time.

The Court emphasizes, however, that its denial of Defendant's Motion to Dismiss is without prejudice. In other words, the parties should understand that, if the same issue is before the Court after the close of discovery, the Court will examine the issue with much greater scrutiny and shall assess any sanctions it deems appropriate at that time, up to and including dismissal of Hamlet's Complaint in this Discrimination Action and/or monetary sanctions.

## IV. CONCLUSION

Accordingly, and for the reasons set forth above, Defendant's Motion to Dismiss is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: September 26, 2007

CERTIFICATE OF SERVICE

       The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 26, 2007.

                                                  s/Marie E. Verlinde
                                                  Case Manager
                                                  (810) 984-3290